**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Grady, | No. CV-21-00493-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Sunbeam Motel, et al., | |
| Defendants. | |

On December 2, 2021, Plaintiff Paul Grady filed a Complaint against Sunbeam Motel and an unknown party named as "Betty, manager" (Doc. 1), along with an Application to Proceed In Forma Pauperis (Doc. 2). The Court has reviewed Plaintiff's Application and finds good cause for granting it. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed In Forma Pauperis**

The Court may authorize the commencement and prosecution of a civil action "without prepayment of fees or security therefor" if the plaintiff submits an affidavit including a statement of all assets. 28 U.S.C. § 1915(a)(1). In proceedings in forma pauperis, officers of the court "shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

Plaintiff's Application for Leave to Proceed In Forma Pauperis indicates that he

receives a disability-related payment of $1,094.00 per month and that his monthly expenses total $1,525.00. (Doc. 2.) The Application indicates that he has a checking account with a balance of $4.00. (*Id.*) Plaintiff's Application for Leave to Proceed In Forma Pauperis will be granted.

## II.     Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an *in forma pauperis* complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*   "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts

must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

### III.     The Complaint Fails to State a Claim for Relief

The Complaint sets forth the following statement of Plaintiff's claim:

> Defendant did not provide water nor heat and without just case [sic] did lock out Plaintiff from place of residents [sic] and did hinder Plaintiff from him Medication[,] putting him at risk of suicide.

(Doc. 1.) Plaintiff alleges federal question jurisdiction pursuant to the Americans with Disabilities Act ("ADA"), and he claims that Defendants failed to provide him with a reasonable accommodation as required by the ADA. (*Id.*)

Title III of the ADA prohibits discrimination based on disability by public accommodations, such as a motel. *See Ridola v. Chao*, 2018 WL 2287668, at *6 (N.D. Cal. May 18, 2018). The statute provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination claim, [a] plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th

1 Cir. 2007).

2 Plaintiff has alleged no facts to show that he is disabled within the meaning of the
3 ADA, nor that Defendant denied him accommodations because of his disability. Because
4 Plaintiff has failed to allege facts sufficient to state a claim for relief, the Court will
5 dismiss the Complaint with leave to amend. Plaintiff is warned that this case may be
6 dismissed if he fails to file a timely amended complaint curing the deficiencies addressed
7 herein.

8 The Court also notes that documents mailed to Plaintiff were returned as
9 undeliverable. (*See* Doc. 5.) If Plaintiff's address has changed, he must file a notice of
10 change of address.

11 Accordingly,

12 **IT IS ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Doc.
13 2) is **granted**.

14 **IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed**
15 **with leave to amend**. Plaintiff shall file an Amended Complaint within **forty-five (45)**
16 **days** of the date this Order is filed. If Plaintiff fails to file an Amended Complaint within
17 forty-five (45) days, the Clerk of Court shall enter a judgment of dismissal of this action
18 without prejudice.

19 Dated this 20th day of December, 2021.

_____
Honorable Rosemary Márquez
United States District Judge