**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Grady, | No. CV-21-00493-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Sunbeam Motel, et al., | |
| Defendants. | |

On December 2, 2021, Plaintiff Paul Grady filed a Complaint against Sunbeam Motel and an unknown party named as "Betty, manager." (Doc. 1.) The Court screened the Complaint and dismissed it with leave to amend, finding that Plaintiff had failed to state a claim upon which relief could be granted because he did not allege facts showing that Defendants had violated Title III of the Americans with Disabilities Act ("ADA"). (Doc. 6.) Plaintiff has now filed an Amended Complaint. (Doc. 7.) The Court will dismiss the Amended Complaint with leave to amend.

**I.     Statutory Screening of Complaints**

The Prison Litigation Reform Act states that a district court "shall dismiss" an *in forma pauperis* complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc);

*see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

. . . .

**II.     The Amended Complaint Fails to State a Claim for Relief**

The Amended Complaint states, in relevant part, that (1) plaintiff is disabled within the legal meaning of that term; (2) he was locked out of his motel room by "Betty," there was no court order "to enforce a lockout," and he had already paid rent for the month; and (3) as a result of the "lockout" he lacked access to his medication. (Doc. 7.) Plaintiff's original Complaint alleged federal question jurisdiction pursuant to the ADA (Doc. 1), but the Amended Complaint does not allege the ADA as a basis for jurisdiction over Plaintiff's claims.

"As a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (internal quotation and citation omitted).

Although Plaintiff has alleged that he is disabled within the meaning of the ADA and has provided documentation supporting that assertion (*see* Docs. 6, 7), he has not alleged that Defendant denied him accommodations because of his disability. Furthermore, the Amended Complaint does not allege a basis for jurisdiction. Because the Amended Complaint supersedes the original Complaint, Plaintiff may not rely on allegations in previous Complaints without restating them. The Court will dismiss the Amended Complaint with leave to amend. Plaintiff is warned that this case may be dismissed if he fails to file a timely amended complaint curing the deficiencies addressed herein.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that Plaintiff's Amended Complaint (Doc. 7) is **dismissed with leave to amend**. Plaintiff shall file a Second Amended Complaint within **forty-five (45) days** of the date this Order is filed. If Plaintiff fails to file a Second Amended Complaint within forty-five (45) days, the Clerk of Court shall enter a judgment of dismissal of this action without prejudice.

Dated this 16th day of February, 2022.

_____
Honorable Rosemary Márquez
United States District Judge