**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Grady, | No. CV-21-00493-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Sunbeam Motel, et al., | |
| Defendants. | |

On December 2, 2021, Plaintiff Paul Grady filed a Complaint against Sunbeam Motel and an unknown party named as "Betty, manager." (Doc. 1.) The Court granted leave to proceed in forma pauperis and dismissed the Complaint with leave to amend on screening, finding that Plaintiff had failed to state a claim upon which relief could be granted because he did not allege facts showing that Defendants had violated Title III of the Americans with Disabilities Act ("ADA"). (Doc. 6.) On February 4, 2022, Plaintiff filed an Amended Complaint (Doc. 7), which the Court also dismissed with leave to amend, finding that Plaintiff failed to state an ADA claim because he had not alleged that Defendants denied him an accommodation because of his disability (Doc. 9). Plaintiff has now filed a Second Amended Complaint ("SAC"). (Doc. 14.) The Court will dismiss the SAC without leave to amend.

**I.     Statutory Screening of Complaints**

The Prison Litigation Reform Act states that a district court "shall dismiss" an *in forma pauperis* complaint if, at any time, the court determines that the action "is frivolous

or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other

facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

## II. The Second Amended Complaint Fails to State a Claim for Relief

The SAC states, in relevant part, that (1) plaintiff is disabled and takes medication for his disability; (2) he was locked out of his motel room by Betty, whom he has identified as "Betty Boyle," after he paid for the room; (3) Ms. Boyle was aware of Plaintiff's disability because she delivered his medication to his room; and (4) Ms. Boyle harmed Plaintiff by separating him from his medication. (Doc. 14.) Plaintiff's SAC alleges the ADA as a basis for jurisdiction over Plaintiff's claims. However, the SAC fails to allege facts showing that Defendants denied him an accommodation because of his disability.

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. Specifically, Plaintiff failed to address or correct the exact error that was the basis for dismissal of his Amended Complaint. Therefore, the Court finds that further opportunities to amend would be futile and, in its discretion, will dismiss Plaintiff's SAC without leave to amend.

Accordingly,

**IT IS ORDERED** that the Second Amended Complaint (Doc. 14) is **dismissed without leave to amend** for failure to state a claim.

**IT IS FURTHER ORDERED** that the above-captioned action is **dismissed without prejudice**. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 25th day of April, 2022.

_____
Honorable Rosemary Márquez
United States District Judge